RECEIVED
AUG 14 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

|  |  |  |
|---|---|---|
|  | * | CIVIL ACTION NO. 2:16-CV-01363 |
|  | * |  |
| IN RE: PROSPER OPERATORS, INC. | * | JUDGE JAMES T. TRIMBLE, JR. |
|  | * |  |
|  | * | MAGISTRATE JUDGE KAY |

**************************************************************************

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Improper Service (Rec. Doc. 7) filed by the claimant, Mitchell Navarre. The plaintiff, Prosper Operators Inc., ("Prosper") filed a response in opposition (Rec. Doc. 11), and Navarre filed a reply (Rec. Doc. 12). For the following reasons, the motion (Rec. Doc. 7) will be **DENIED**.

### I. FACTS & PROCEDURAL HISTORY

On June 14, 2015, Navarre was injured while operating the M/V Amber, a vessel owned by his employer, Prosper. After investigating the accident and reporting it to its insurer, Prosper paid Navarre workers' compensation benefits. On August 6, 2015, counsel for Navarre sent Prosper's insurer the following letter (the "August letter"):

1

<pre>
          RE:   Claimant:   Mitchell Ray Navarre
                Employer:   Prosper Operations, Inc.
                Claim No.:  2015000493
                D/A:        June 14, 2015
</pre>

Dear Ms. Guillot:

Please be advised that I have been retained to represent the interests of Mitchell R. Navarre with regard to his workers' compensation claim. I would greatly appreciate you providing me with a copy of Mr. Navarre's personnel file, payroll information, and any medical information you may have concerning his work accident of June 14, 2015.

Mr. Navarre would like to see an orthopedic physician of his choice, Dr. Clark Gunderson, 2615 Enterprise Blvd., Lake Charles, LA 70601, 337/436-2225(ph), 337/433-5448(fax), regarding his back injury. Please see that this evaluation is authorized as soon as possible.

Thank you for your kind cooperation in this matter, I am

Very truly yours,

TINA L. WILSON

TLW/gmb
cc:  Mitchell R. Navarre                                                                                      1

The letter references the insurance claim number and specifies that Navarre retained counsel in regard to his workers' compensation claim. On October 7, 2015, Navarre's counsel sent another letter to Prosper's insurer informing the insurer that Navarre was "unable to undergo an FCE [functional capacity examination] at this time."[2] Navarre's counsel also attached a report from an orthopedic surgeon which explained that Navarre suffered from a herniated disc, a lumbar strain, and injury to his right heel.[3]

On April 7, 2016, Navarre filed a Jones Act claim against Prosper in state court, alleging that he was a seaman injured in the course of his employment by Prosper's negligence.[4] Neither Navarre nor Prosper have submitted any communications that may have taken place between the parties from October 2015 to April 2016. On September 28, 2016, Prosper filed a complaint in this court for Exoneration from or Limitation of Liability, seeking to limit its potential liability to

---

[1] Aug. Letter (Rec. Doc. 7-2).

[2] Oct. 7, 2015 Letter (Rec. Doc. 7-3).

[3] Orthopedic Surgeon Letter (Rec. Doc. 7-3), pp. 2-3.

[4] Petition for Damages (Rec. Doc. 7-4).

the value of the M/V Amber, $20,000.00.[5] On October 19, 2016, the court entered an Order Approving *Ad Interim* Stipulation for Value and Directing Issuance of Notice and Restraining Prosecution of Claims.[6] The order gave claimants until April 14, 2017 to file and serve a claim to the vessel.[7] It also directed the clerk of court to issue a Notice to Claimants,[8] and for Prosper to publish the Notice to Claimants in the *Lake Charles American Press* once a week for four consecutive weeks before April 14, 2017, and to mail a copy to all known claimants in compliance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[9] Pursuant to the order, all actions in any court involving the M/V Amber were stayed and/or enjoined.[10] The clerk of court issued a Notice to Claimants that same day.[11]

On January 18, 2017, Prosper sent a letter to the firm representing Navarre to determine how the parties would proceed with a limitation action in federal court and a Jones Act claim in state court.[12] Navarre's attorney responded on January 23, 2017, that he had never received any notice of a limitation action filed in federal court and suggested that Prosper had failed to comply with notice and service requirements of the Federal Rules of Civil Procedure.[13] On January 25, 2017, Prosper responded with the actions it took, which it believed had notified Navarre of the limitation action in federal court.[14] Prosper explained that it believed the court would send a

---

[5] Compl. (Rec. Doc. 1).

[6] Order Approving the *Ad Interim* Stipulation (Rec. Doc. 5).

[7] *Id.* at ¶ 3.

[8] *Id.*

[9] *Id.* at ¶ 4.

[10] *Id.* at ¶ 5.

[11] Notice to Claimants (Rec. Doc. 6).

[12] Jan. 18, 2017 Letter (Rec. Doc. 7-6).

[13] Jan. 23, 2017 (Rec. Doc. 7-7).

[14] Jan. 25, 2017 Letter (Rec. Doc. 11-2).

notice to Navarre, and it did not know why the court had not done so.[15] Attached to the January 25 letter were all the filings of the limitation action, including the court's Notice to Claimants.[16]

On April 6, 2017, Navarre filed the present Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5).[17] Navarre argues that the action should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because it was filed more than six months after Prosper received written notice of a claim. Navarre also argues that the action should be dismissed for improper service of process pursuant to Rule 12(b)(5) because Navarre was never served with the complaint in compliance with Federal Rule of Civil Procedure 4. In its response, Prosper argues that it timely filed the limitation action, because it did not receive written notice of a claim subject to limitation until Navarre filed his Jones Act claim in state court.[18] Prosper also argues that Navarre received adequate notice, and that the court should have alerted him of the limitation action.

## II. LAW & ANALYSIS

### A. 12(b)(1) Motion to Dismiss

Navarre moves to dismiss the current action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In a 12(b)(1) motion to dismiss, the plaintiff has the burden of

---

[15] *Id.* at pp. 1-2.
[16] *Id.* at p. 39.
[17] Motion to Dismiss (Rec. Doc. 7).
[18] Memo. in Opposition (Rec. Doc. 11).

4

establishing subject matter jurisdiction, and the motion "should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claims entitling [it] to relief." *Id.* at 286-87 (citations omitted). "On issues involving jurisdiction, the district court may consider evidence outside the pleadings and resolve factual disputes." *In re The Complaint of RLB Contracting, Inc., as Owner of the Dredge Jonathan King Boyd its Engine, Tackle, Gear for Exoneration or Limitation of Liab.*, 773 F.3d 596, 601 (5th Cir. 2014) (hereinafter "*RLB Contracting*") (citations omitted). Therefore, the court will consider the exhibits submitted by both parties in regard to the Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1).

Navarre argues that the court does not have subject matter jurisdiction over the limitation action because Prosper filed the action more than six months after receiving written notice of a claim. A shipowner facing potential liability has the right to petition a federal district court to limit liability to the value of the vessel and the pending freight under the Limitation Act. 46 U.S.C. §§ 30505, 30511. The shipowner must do so "within six months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). This time limit is jurisdictional, and the court does not have subject matter jurisdiction over actions filed after the six month deadline. *RLB Contracting*, 773 F.3d at 602. While the Limitation Act does not define "written notice of a claim," 46 U.S.C. § 30511(a), the Fifth Circuit has determined that for a written notice to trigger the six month statutory period it must reveal a reasonable possibility of a claim that will exceed the value of the vessel. *RLB Contracting*, 773 F.3d at 602. It must also be a claim that is subject to limitation. *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (citing *In re Spearin, Preston & Burrows, Inc.*, 190 F.2d 684, 686 (2d Cir. 1951)). A workers' compensation claim is not subject to limitation under the Limitation Act. *See In re CDM Res. Mgmt. LLC*, No.

5

CIV.A. 15-112, 2015 WL 6473155, at *5 (E.D. La. Oct. 27, 2015) (hereinafter "*CDM Res. Mgmt.*"); *In re Franz*, 7 F. Supp. 3d 238, 242 (N.D.N.Y. 2014).

The reasonable possibility "standard evokes two inquiries: (1) whether the writing communicates the reasonable possibility of a claim, and (2) whether it communicates the reasonable possibility of damages in excess of the vessel's value. Answering these questions requires a 'fact-intensive inquiry into the circumstances of the case.'" *RLB Contracting*, 773 F.3d at 602 (quoting *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 317 (5th Cir. 2012)). The purpose of the six-month limitation is "to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *Id.* at 602-03 (quoting *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989)). After a reasonable possibility of a claim has been communicated, the shipowner has the responsibility to promptly investigate and "determine whether to file a limitation action." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d at 317 (citing *Exxon Shipping Co.*, 869 F.2d at 846). When doubt exists as to whether the claimant sent adequate written notice to trigger the six-month limitation period, the doubt should be resolved against the shipowner because "the reasonable possibility standard places the risk and the burdens associated with that risk on the owner." *Id.* at 318; *see also RLB Contracting*, 773 F.3d at 605 (concluding that the risk of uncertainty lies with the shipowner for both the value of the damages and the notice of a potential claim). In describing this standard, the Fifth Circuit has noted that while it "is not toothless, it is also not particularly stringent." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d at 317.

Most of the case law on the adequacy of the written notice has focused on the second query of whether the notice "communicates the reasonable possibility of damages in excess of the vessel's value." *RLB Contracting, Inc.*, 773 F.3d at 602. However, the question in the present

action is whether the written notice communicated a reasonable possibility of a claim covered under the Limitation Act. A state court petition alleging a Jones Act claim would clearly meet this standard. *See id.* at 603. Therefore, the absolute latest date that Prosper could have received written notice of Navarre's claim was April 7, 2016, the date Navarre filed his Jones Act claim in state court.[19] Prosper filed the current limitation action in federal court on September 28, 2016, within six months of the state court petition.[20]

However, Navarre argues that Prosper received written notice of a claim covered under the Limitation Act that might exceed the value of the vessel by October 2015 at the latest, after Navarre's attorney had sent the August letter[21] and after Prosper had been notified of the seriousness of Navarre's injuries.[22] Prosper argues that these communications notified Prosper that Navarre had retained counsel regarding his workers' compensation claim, but they did not provide notice of a claim subject to limitation. "[A] written communication may serve as notice under the [Limitation] Act in lieu of a filed complaint," and a series of communications can be considered in the aggregate to determine their adequacy. *RLB Contracting*, 773 F.3d at 603-04. This is a fact-intensive inquiry that focuses on the context and content of the communication. The following three cases are examples of how courts have determined whether written notice adequately provides notice of a reasonable possibility of a claim subject to limitation.

In *RLB Contracting*, the Fifth Circuit upheld the district court's determination that a series of written correspondences served as notice of a potential claim. In the correspondences, the claimant instructed the shipowner "'to preserve evidence as if a suit had been initiated'; …

---

[19] Petition for Damages (Rec. Doc. 7-4).
[20] Complaint (Rec. Doc. 1).
[21] Aug. Letter (Rec. Doc. 7-2).
[22] Oct. 7, 2015 Letter (Rec. Doc. 7-3); Orthopedic Surgeon Letter (Rec. Doc. 7-3), pp. 2-3.

7

mentioned the evidence he had already gathered and requested mediation 'before any lawsuit';…discussed state and federal venues for the suit and again requested mediation; [and] finally, … explicitly [brought] up filing the lawsuit and service of process." *Id.* at 604. The court found that even though the correspondences did not explicitly include a "demand of a right, specific blame for damage, or call upon something due," the correspondences "when taken together, paint[ed] a pending claim." *Id.* at 604-05.

In *CDM Resource Management*, the Federal District Court for the Eastern District of Louisiana determined that a letter sent by the claimant's attorney to the shipowner constituted written notice of a claim. 2015 WL 6473155, at *5-6. The letter was preceded by several emails between the claimant and shipowner regarding workers' compensation under Louisiana's Workers' Compensation Act. *Id.* at *5. The letter did not explicitly mention either the workers' compensation claim or otherwise filing suit against the vessel. *Id.* at *1. In the letter, the claimant's attorney advised the shipowner that he was representing the claimant in regard to the damages the claimant sustained as a result of an accident on the vessel. *Id.* The attorney also requested a copy of the claimant's personnel file, medical records, photographs of the vessel's damages, statements regarding the accident, communications with the claimant's healthcare provider, and a copy of the incident report. *Id.* The court determined that because the claimant never had a dispute in regard to his workers' compensation benefits, the letter sent by the claimant's attorney was adequate notice of a reasonable possibility of a claim beyond workers' compensation. *Id.* at *5.

Finally, in another federal case from the Northern District of New York, the court determined that the shipowner did not receive written notice of a claim subject to limitation when the claimant applied for workers' compensation and the shipowner submitted a letter on

behalf of the claimant for his worker's compensation benefits. *In re Franz*, 7 F. Supp. 3d 238, 241 (N.D.N.Y. 2014). The court reasoned that "[a shipowner] is hardly on notice that he had better act when he is merely informed that the claimant will look to him to fulfill his obligations under the Workmen's Compensation Laws, for [the shipowner] knows that no limitation of that claim can be had in any case." *Id.* at 242 (quoting *In re Am. M.A.R.C., Inc.*, 224 F. Supp. 573, 576 (S.D. Cal. 1963)).

The August letter sent by Navarre's attorney to Prosper does not reach the clarity of the letter discussed by the Fifth Circuit in *RLB Contracting* because it includes no discussion of filing a claim or mediation efforts subject to limitation. *Compare RLB Contracting*, 773 F.3d at 604, *with* Aug. Letter (Rec. Doc. 7-2). Rather, the present action seems to fall somewhere between the facts of *CDM Resource Management* and *In re Franz*. While the August letter is more than merely applying for workers' compensation as was the case in *In re Franz*, *compare In re Franz*, 7 F. Supp. 3d at 241, *with* Aug. Letter (Rec. Doc. 7-2), the August letter limits Navarre's attorney's representation to his workers' compensation claim in contrast to the letter in *CDM Resource Management*, *compare CDM Resource Management*, 2015 WL 6473155, at *1, *with* Aug. Letter (Rec. Doc. 7-2). Based on the content and context of the August letter, the court concludes that the present case is more similar to *In re Franz* and was not written notice under 46 U.S.C. § 30511(a).

While both the August letter and the letter in *CDM Resource Management* asked for a personnel file, payroll information, and medical information, the overall content and context of the letters are distinguishable. *Compare CDM Resource Management*, 2015 WL 6473155, at *1, *with* Aug. Letter (Rec. Doc. 7-2). Unlike the letter in *CDM Resource Management* which stated that the attorney was being retained in regard to damages sustained, the August letter sent by

Navarre's attorney specifically stated that the attorney was being retained with regard to Navarre's workers' compensation claim, and it made no mention of any other possible claims. *Id.* The August letter communicates a hope for cooperation regarding the workers' compensation claim and seeks authorization to further evaluate Navarre's injuries.[23] The only subsequent communication submitted to the court is a letter from Navarre's attorney to Prosper's insurer discussing the scheduled or functional capacity examination,[24] an examination that is relied on to determine workers' compensation benefits. *See, e.g., Turner v. Lexington House*, 2014-1264, p. 10 (La. App. 3 Cir. 4/15/15), 176 So. 3d 1071, 1080. In contrast, the letter in *In re CDM Resource Management LLC* was sent after a lengthy written correspondence regarding workers' compensation benefits in which the parties expressed no dispute regarding the benefits. 2015 WL 6473155, at *5.

Because the letter sent by Navarre's counsel focused on workers' compensation benefits and the subsequent communication also focused on workers' compensation benefits, the court finds that these correspondences did not create a reasonable possibility of a claim subject to limitation and therefore do not constitute written notice under 46 U.S.C. § 30511(a). The only written notice submitted by the parties that would create a reasonable possibility of a claim is the petition filed in April 2016. The current limitation action was filed within six months of the state court petition. Therefore, the court does have subject matter jurisdiction over the claim, and Navarre's Motion to Dismiss for Lack of Subject Matter Jurisdiction will be **DENIED.**

---

[23] Aug. Letter (Rec. Doc. 7-2).
[24] Oct. 7, 2015 Letter (Rec. Doc. 7-3).

### B. 12(b)(5) Motion to Dismiss

Next, Navarre argues that the limitation action should be dismissed because he was not served with the complaint within 90 days of it being filed as required by Rule 4(m) of the Federal Rules of Civil Procedure. However, limitation of liability actions are governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Federal Rules of Civil Procedure also apply to limitation actions "except to the extent that they are inconsistent with [Rule F]." Fed. R. Civ. P. Supp. A(2). Rule F provides for a different means of providing claimants with notice of the action than service of process. *Id.* F(4). Under Rule F, instead of service of process under Rule 4 of the Federal Rules of Civil Procedure, the plaintiff is required to give "notice to claimants" by publishing the notice issued by the court in a newspaper once a week for four consecutive weeks before the deadline for filing claims, and if the plaintiff knows any claimants, by mailing them a copy of the notice no later than the second publication of the notice in the newspaper. *Id.* Because the Supplemental Rules provide a detailed process by which claimants and potential claimants must be alerted to the pending limitation action, a limitation action proceeding is not subject to the deadlines in Rule 4.

Here, both parties fail to articulate the correct standard of notice as required by the Supplemental Rules. Navarre argues that Prosper was required to formally serve him within 90 days of the complaint being filed under Rule 4(m). However, as previously explained Rule 4 does not apply to a limitation action. Prosper appears to argue that it notified the court and so the court should have provided formal notice. However, as explained above, the plaintiff must take action by publishing and mailing the notice to claimants. This was also explained in the Order Approving the *Ad Interim* Stipulation. In that order, the court explained that the clerk of court

would issue a notice,[25] and that notice was issued on October 19, 2016.[26] The order also explained that counsel for the complainant was to publish the notice in the Lake Charles American Press in accordance with Rule F, and that the notice was to be mailed in accordance with Rule F.[27] The Order gave claimants until April 14, 2017 to file a claim in the limitation action.

This would have given Prosper until March 23, 2017, at the latest to mail Navarre a notice of the limitation proceedings.[28] Prosper submitted evidence that Navarre received the notice via U.S. mail before March 23. On January 25, 2017, Prosper sent a physical copy of the entire docket, including the notice issued by the clerk via U.S. mail to the attorneys representing Navarre in his state court action.[29] Because Navarre received a copy of the Notice to Claimants before the deadline found in Rule F(4), Navarre's Motion to Dismiss for improper service under Rule 12(b)(5) is without merit and will be **DENIED**.

---

[25] Order Approving the *Ad Interim* Stipulation (Rec. Doc. 5), ¶ 3.

[26] Notice of Action (Rec. Doc. 6).

[27] Order Approving the *Ad Interim* Stipulation (Rec. Doc. 5), ¶ 4.

[28] The plaintiff must publish notice in a newspaper once a week for four successive weeks prior to the deadline for filing claims. With the deadline set at April 14, 2017 the plaintiff would have needed to publish the first notice no later than March 17, 2017. Notice to known claimants must occur at the latest before the second publication in a newspaper. The second publication would have needed to occur on March 24, giving the plaintiff until March 23, 2017 to notify known claimants.

[29] Jan. 25 Letter (Rec. Doc. 11-2). Prosper also submitted evidence that it notified Navarre of the limitation action via email on October 13, 2016. Oct. 13 Letter (Rec. Doc. 11-1) (indicating Navarre's attorneys were notified via email in the "Cc:" line). However, the email sent on October 13 could not have included the Notice to Claimants issued by the Clerk of Court because that notice was not signed and docketed until October 19. Notice to Claimants (Rec. Doc. 6).

## III. CONCLUSION

For the reasons explained above Navarre's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Service will be **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, this 14th day of August, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE