UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PROSPER OPERATORS, INC. AS OPERATORS OF THE MOTOR VESSEL AMBER, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION NO. 2:16-CV-01363 <br> * (Admiralty) <br> * <br> * JUDGE ROBERT R. SUMMERHAYS <br> * <br> * MAGISTRATE JUDGE KATHLEEN KAY |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Mitchell Navarre ("Claimant") was hired as a C Level Operator by Prosper Operators, Inc. ("Prosper") on March 20, 2014. (See Declaration of Charles Abshire, attached as and hereinafter referred to as Exhibit A).

2. Claimant was assigned to work at the Sweet Lake production field under a contract Prosper had with another company. (Exhibit A).

3. During his employment with Prosper, Claimant worked 3,175 hours and 33 weeks in the Sweet Lake field. (Exhibit A-1) The typical work day 12 lasted hours but employees could be on call for 24 hours per day if there was an issue with one of the well-control units. (See Declaration of Steven Matt, attached as and hereinafter referred to as Exhibit B and Deposition of Claimant, attached as and hereinafter referred to as Exhibit C, p. 13-14).

4. Sweet Lake is an inland lake located in Cameron Parish. There are a number of wells with well-control units (often called Christmas trees) located throughout

Sweet Lake. Surrounding each well-control unit is a stationary work platform. (See Exhibit B).

5. As a C Level Operator, Claimant was responsible for travelling to the various well-control units located throughout Sweet Lake to read the gauges and monitor for leaks. At times, Claimant also operated the surface production equipment, compressors, pumps, and generators located at these well-control units. All of the work performed at these well-control units was performed from the platform at each unit. (Exhibit B and Exhibit C, p. 11-12, 20-21, 34).

6. During that 12 hour period, Claimant was expected to travel to every well-control unit in Sweet Lake field two times. If there was a problem with one of the well-control units, it was not uncommon for Claimant to only travel to one well-control unit and stay on the unit all day in order to fix the problem. (Exhibit B).

7. Each well-control unit is accessible only by water. In order to travel to a well-control unit, a person had the option of taking one of two boats, the M/V AMBER which is a 23 foot, aluminum boat with an outboard motor or a 40 foot 202 crew boat with an inboard motor. The sole purpose of those boats was to enable the workers to service the production field. (Exhibit B and Exhibit C, p. 90).

8. Not including the time working on each the various well-control units, the total amount of time it would take to travel from the fixed platform to each well-control unit the back to the fixed platform was approximately ten minutes. (Exhibit B).

9. The M/V AMBER was an aluminum hull, Scully boat with an outboard motor that was not outfitted with any special tools or equipment. (Exhibit C, p. 14).

Respectfully submitted,

BROWN SIMS, P.C.

BY: /s/ *Kelly F. Walsh*
    L. LANE ROY (#11513)
    Brown Sims, P.C.
    600 Jefferson Street, Suite 800
    Lafayette, Louisiana 70501
    E-Mail: lroy@brownsims.com
    Telephone:   (337)484-1240
    Facsimile:   (337)484-1241
    and
    KELLY F. WALSH (#31352)
    MARK T. TUFTS (#36710)
    Brown Sims, P.C.
    1100 Poydras Street, 39th Floor
    New Orleans, Louisiana 70163
    E-Mail: kwalsh@brownsims.com
           mtufts@brownsims.com
    Telephone:   (504)569-1007
    Facsimile:   (504)569-9255

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of Court's electronic filing system.

    /s/ *Kelly F. Walsh*
    Kelly F. Walsh