**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | CIVIL ACTION NO. 2:16-cv-1363 |
| COMPLAINT OF PROSPER | | |
| OPERATIONS, INC. AS | | |
| OPERATORS OF THE MOTOR | : | JUDGE SUMMERHAYS |
| VESSEL AMBER, FOR | | |
| EXONERATION FROM OR | | |
| LIMITATION OF LIABILTY | : | MAGISTRATE JUDGE KAY |

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion to Modify Court's Monition Order to Extend Time to Publish Notice filed by petitioner Prosper Operations, Inc ("Prosper"). Doc. 28.[1] The motion is opposed by claimant Mitchell Navarre. Doc. 34. For the following reasons, the motion will be **GRANTED**.

**I.**
**BACKGROUND**

This case originates from injuries Mitchell Navarre allegedly sustained on June 14, 2015 while performing his duties as a seaman aboard a 25-foot jo-boat, owned and operated by Prosper. Doc. 34, att. 1, p. 1. On April 7, 2016, Navarre filed suit against Prosper in the 38th Judicial District Court, Cameron Parish, Louisiana (hereafter "Navarre's Suit"). *Id.* On September 28, 2016, Prosper filed a limitation action in this court seeking to exonerate itself from liability to all person asserting claims related to Navarre's Suit or otherwise limit its liability to the value of its vessel. Doc. 1. The vessel is valued at $20,000.00. *Id.* at att. 2.

---

[1] Proposed Order is docketed separately. Doc. 30.

On October 19, 2016, the court approved the value of security for the benefits of claimants in the amount of $20,000.00 and stayed Navarre's Suit.  Doc. 5, p. 2.  The court also directed the Clerk of Court to issue notice to all claimants wishing to assert a claim connected to Prosper's limitation action that they must file such claims by April 14, 2017; prior to this April 14 filing date, counsel for Prosper was ordered to publish the notice in the Lake Charles American Press once a week for four successive weeks.  *Id.*  Pursuant to the order: the Clerk of Court issued notice, [doc. 6], Navarre filed his claim before the April 14 filing date [doc. 10], however Prosper never published the notice in the Lake Charles American Press.  *See* Doc. 28, att. 1, p. 2.

On April 6, 2017, Navarre filed a motion to dismiss Prosper's limitation action, alleging *inter alia* that Prosper had failed to properly serve or provide him notice of the limitation action. Doc. 7.  Specifically, Navarre argued that he should have been served with the complaint within 90 days of it being filed as required by Rule 4(m) of the Federal Rules of Civil Procedure.  *Id.* at 1.  The court found this argument to be without merit.  Doc. 14, p. 12.  It noted that service of process in limitation of liability actions is governed by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions.  *Id.* at 11.  The court further noted,

> Rule F provides for a different means of providing claimants with notice of the action than service of process. Under Rule F, instead of service of process under Rule 4 of the Federal Rules of Civil Procedure, the plaintiff is required to give "notice to claimants" by publishing the notice issued by the court in a newspaper once a week for four consecutive weeks before the deadline for filing claims, and if the plaintiff knows any claimants, by mailing them a copy of the notice no later than the second publication of the notice in the newspaper.

*Id.* (internal citations omitted).  Based on evidence that Navarre had been notified of the suit and the belief that Prosper had complied with the court's October 19, 2016 order, the court reasoned

that requirements of Rule F had been satisfied. *Id.* at 12. The court denied Navarre's motion to dismiss on August 14, 2017. Doc. 15.

On February 20, 2019, Prosper filed the instant Motion to Modify Court's Monition Order to Extend Time to Publish Notice seeking an extension of the time to publish notice of the claim in the Lake Charles American Press. Doc. 28. It indicates that it believed that the court would publish the notice and send a copy to Navarre. *Id.* at att. 1, p. 2. It argues that no claimant is prejudiced by such an extension because Navarre is the only possible claimant in this matter and he already has notice of this suit. *Id.* Navarre opposes the motion. Doc. 34. He argues that Prosper has forfeited its rights to have the limitation issue litigated in federal court and that the action should be dismissed pursuant to Rule 12(b)(5) for Prosper's failure to property serve and notify Navarre. *Id.* at 4. He has filed a Motion to Dismiss asserting the same currently pending before this court. Doc. 35.

## II.
### LAW AND ANALYSIS

The Federal Rules of Civil Procedure apply to limitation actions "except to the extent that they are inconsistent" with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P. Supp. AMC. A(2). Under Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions—upon the filing of a limitation of liability action,

> the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. . . . *For cause, shown, the court may enlarge the time within which claims may be filed.* The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.

Fed. R. Civ. P. Supp. AMC F(4) (emphasis added). In assessing whether one district court had "cause" to enlarge the filing period under Rule F, the Fifth Circuit "reaffirm[ed] the view many times expressed that the Admiralty is administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) (citation omitted). Indeed, many courts have noted the "equitable latitude" courts have when overseeing admiralty proceedings. *See Cates v. U.S.*, 451 F.2d 411, 415 (5th Cir. 1971); *See also Petition of New Jersey Barging Corp.* 168 F.Supp. 925, 928-930 (S.D. N.Y. 1958) (recounting numerous instances in which a court has emphasized the lack of technicality involved in the administration of admiralty proceedings.)

On October 19, 2016, this court issued notice of Prosper's limitation of liability action and gave claimants until April 14th, 2017 to file a claim. Doc. 6. Prosper was ordered to publish this notice in the Lake Charles American Press "prior to the date fixed for the filing the claims." Doc. 5, p. 2. However it did not do so because it believed the clerk would publish the notice. *See* Doc. 28, att. 1, p. 2. Prosper now asks us to modify the October 19, 2016 order to providing it with additional time to publish the notice, effectively asking the court to "enlarge the time within which claims may be filed." *See* Doc. 30.

Prosper asserts Navarre is the only possible claimant in this matter because Navarre has admitted he was the only person on the vessel during the time of his accident. Doc. 37, p. 2; Doc. 37, att. 1, pp. 4-5. Accordingly, Prosper argues no claimant was prejudiced by Prosper's failure to publish because Navarre has already filed his claim. *See* Doc. 28, att. 1, p. 2. Navarre opposes modification of the order directing publication. Doc. 34. He asserts that Prosper's failure to comply with the October 19, 2016 order and its failure to serve Navarre in accordance with Rule

4 of the Federal Rules of Civil Procedures warrants dismissal the suit under Rule 4(m).  *Id.* at 1, 6, 8.

The court has already ruled that Navarre was not entitled to service in accordance with Rule 4 of the Federal Rules of Civil Procedures.  *See* Doc. 14, p. 11.  However, as a prospective claimant he should have receive notice of the limitation action as set forth in Rule F.  Nevertheless, the obvious import of the notice requirements in this rule are to provide prospective claimants the opportunity to file a claim.  Navarre, the only possible claimant in this suit, was clearly not deprived of this opportunity.  The court set the deadline to file claims in this matter as April 14, 2017.  Doc. 5.  Navarre filed his claim before this deadline on April 13, 2017.  Doc. 10.  Prior to this, he acknowledged he was "identified as a claimant" when he filed his first motion to dismiss on April 6, 2017.  Doc. 7, p. 1.  Prosper's proposed solution for its failure to comply with Rule F is to have the court enlarge the period to file claims [doc. 28], Navarre's proposed solution is to have Prosper's limitation action dismissed. Doc. 34, p. 8.  This proceeding is still pending and undermined and granting this motion will not adversely affect the rights of the parties, therefore Prosper's solution is equitable.  Accordingly, we grant Prosper's motion.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Modify Court's Monition Order to Extend Time to Public Notice [doc. 28] filed by petitioner Prosper Operations, Inc ("Prosper") is **GRANTED**.

THUS DONE this 26th day of July, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE