UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| IN RE PROSPER OPERATORS, INC.; as operator of the M/V AMBER | CASE NO. 2:16-CV-01363 |
| | JUDGE JAMES D. CAIN, JR. |
| | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court are a Motion to Dismiss [doc. 35] and Appeal of Magistrate Judge Decision [doc. 56] filed by claimant Mitchell Navarre. Prosper Operators, Inc. ("Prosper"), the plaintiff in this limitation of liability proceeding, opposes both motions. Docs. 41, 64.

I.
BACKGROUND

This suit arises from injuries allegedly suffered by Navarre during his employment with Prosper. Doc. 1, ¶ 6. Navarre contends that he was injured aboard the M/V Amber on June 14, 2015. Doc. 7, att. 4. He filed a petition for damages against Prosper in the 38th Judicial District Court, Cameron Parish, Louisiana. *Id.* As operator of the M/V Amber, Prosper then filed a complaint in this court for exoneration from or limitation of liability in this court. Doc. 1. The court issued notice of the suit on October 19, 2016, and provided that any person having a claim relating to the accident that occurred on June 14, 2015, must file his claim in this action on or before April 14, 2017. Doc. 6.

Prosper did not mail this notice to Navarre or publish it in a local newspaper, as required under Federal Rules of Civil Procedure, Supplemental Rule F and set forth in the court's Order Directing Issuance of Notice, issued the same date as the notice. *See* doc. 5. Navarre appeared on April 6, 2017, asserting that he had only received notice when Prosper's counsel faxed him a letter referencing the pending action on January 18, 2017, and then mailed him another letter with a copy of the docket attached on January 25, 2017. Doc. 7; *see* doc. 7, atts. 7 & 8. He moved to dismiss the suit for lack of jurisdiction, alleging that the suit had not been timely filed, and insufficient service of process. Doc. 7. He also timely asserted an admiralty claim on April 13, 2017. Doc. 10.

In the January 25 letter and in his opposition to the motion to dismiss, Prosper's attorney asserted that he thought the clerk of court was supposed to issue notice to claimants. Judge James T. Trimble, Jr., to whom the case was then assigned, found that the matter was timely filed and that the January 25 letter constituted adequate notice to Navarre, as a known claimant, under Supplemental Rule F(4). Accordingly, he denied the motion to dismiss. Doc. 14.

On February 20, 2019, Prosper moved for an extension of time to publish notice to potential claimants. Doc. 28. The magistrate judge granted the motion, over Navarre's opposition. Navarre now appeals that ruling. Doc. 56. He also moves to dismiss the case for insufficient service. Doc. 35.

## II.
## LAW & APPLICATION

### A. *Appeal of Magistrate Judge Decision*

As Magistrate Judge Kay noted, the Federal Rules of Civil Procedure apply to limitation actions except to the extent that they are inconsistent with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Doc. 50, p. 3; *see* Fed. R. Civ. P. Supp. AMC A(2). Supplemental Rule F provides that notice in a limitation proceeding is given, as described above, by mailing a copy of the court-issued notice any known claimants and publishing that notice in the newspaper "once a week for four successive weeks prior to the date fixed [by the court] for the filing of claims." *Id.* at F(4). The court may enlarge the time for claims to be filed "[f]or cause shown." Additionally, as the Fifth Circuit has repeatedly noted, the rules of admiralty are to be "administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963).

The district court has authority to review a magistrate judge's decision on a non-dispositive pre-trial motion and to reverse that decision if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The magistrate judge granted the motion for extension, reasoning that the extension would not prejudice Navarre as "the only possible or potential claimant to this matter." Doc. 50, p. 3. This court disagrees, however, and notes Navarre's intention to bring claims against Texas Petroleum Investment Company ("TPIC") in the state court suit, making TPIC a potential

claimant in this matter. Doc. 50; *see British Transp. Comm'n v. United States*, 354 U.S. 129 (1957) (liberal rules of joinder apply in limitation proceeding, permitting court to adjudicate the claims and cross-claims of all interests). Furthermore, Prosper's determination that Navarre was the sole claimant in this matter – even if well-founded – did not outweigh Prosper's failure to comply with clear notice procedures or timely rectify its mistake. The notice procedures, particularly as to potential claimants, are far from a "technicality" or mere "restraint or frustration" for the vessel owner. The principles of equitable liberality must be balanced against the interest of the claimant, whose state court suit has been stayed for nearly three years now due to the pendency of this limitation action. To extend the notice period at this point could upset the scheduled trial date and result in a lengthier stay. Accordingly, Prosper has not shown cause for the extension it seeks. The magistrate judge's memorandum order must be vacated and the motion for extension denied.

### *B. Motion to Dismiss*

Navarre moves to dismiss this suit based on failure to effect service in the time period set out under Rule 4 or to comply with the notice procedures within in the deadlines set out in the court's order, described above. It asserts that Prosper will not be unduly punished by dismissal, because it can still pursue its limitation proceeding in the state court.

Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). The serving party bears the burden

of proof. *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The district court enjoys broad discretion in determining whether to dismiss an action for insufficient service. *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

As Judge Trimble noted on the prior Motion to Dismiss, Rule 4 does not apply to a limitation action and its service requirements are replaced by Supplemental Rule F(4)'s notice procedures. *Accord Complaint of Get Wet Water Sports, Inc.*, 1996 WL 162073 (D.N.J. Mar. 18, 1996). This distinction renders Rule 12(b)(5) an imperfect fit for Navarre's grounds for dismissal. Nevertheless, Prosper's failure to comply with the notice requirements has much the same impact as failure to effect service and should be subject to the same potential sanctions.

The court will not revisit Judge Trimble's finding that Navarre, as the only known claimant, was given actual notice through the January 25 letter. Prosper, however, did not give notice to potential claimants, even after learning through the first motion to dismiss (over two years ago) that it – rather than the court – was required to do so. This notice forms the other half of the vessel owner's obligations under Supplemental Rule F(4), and the failure to do so could prejudice the known and potential claimants alike. Though the court may enlarge the time for filing claims, there is no cause to do so here when Prosper has not excused its two years of inaction or contested Navarre's assertion that it might still pursue limitation as a defense in the state court proceeding. Accordingly, the motion to dismiss should be granted.

## III.
### CONCLUSION

For the reasons stated above, the Appeal of Magistrate Judge Decision will be granted and the Motion for Extension will be denied. The Motion to Dismiss will also be granted and this limitation proceeding will be dismissed without prejudice under Rule 12(b)(5).

THUS DONE in Chambers on this ___5___ day of ___Sept___, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**